IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>BRANDON J. BEIERMANN,<br><br>　　　　Defendant. | No. CR07-4018-MWB<br><br>**ORDER ON DETENTION** |

　　This matter came on for detention hearing on March 9, 2007. Assistant U.S. Attorney Jack Lammers appeared on behalf of the plaintiff (the "Government"). The defendant Brandon J. Beiermann appeared in person with his attorney, Assistant Federal Defender Priscilla Forsyth. The Government offered the testimony of Agent Isra Harahab of the Department of Homeland Security and Enforcement. The defendant offered the testimony of his wife, Krystena Beiermann.

　　Beiermann is charged with transporting and shipping, receiving, and possessing in interstate commerce visual depictions of minors engaged in sexually explicit conduct. The evidence establishes that a computer was seized from Beiermann's home during the execution of a search warrant in January 2006, and the computer contained about 2,600 images of child pornography. Beiermann admitted to authorities that he had downloaded or traded for these images on the Internet. According to Beiermann, he viewed the images in private for his own sexual gratification.

　　At the time of the seizure, Beiermann was living with his wife and two small children, ages seven and four, in the home. His wife and children moved out of the home after the search, but after an investigation by the Child Protective Service of the Iowa Department of Human Services, the family moved back into the home. There have been

no reported incidents since the January 2006 search. The Indictment in this court was returned on February 28, 2007.

Beiermann is twenty-seven years old, and has lived in northwest Iowa area throughout his life. He and his wife both are employed, and they are purchasing their family home. Beiderman has one prior conviction, on a criminal mischief charge when he was seventeen years old. He has strong family support in the area. Child Protective Service determined that the children appear to be well-adjusted, and there is no evidence they have been exposed to the pornography (although the computer was in a room in the basement where some toys also were located). The computer in question has been seized by law enforcement, and there is no computer in the home. There is no evidence of drug or alcohol abuse.

Title 18 U.S.C.A. § 3142 provides that a person charged with an offense should be released pretrial unless the judge determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community. If the judge determines the release of the person will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, the judge nevertheless should order the person's pretrial release subject to the least restrictive condition, or combination of conditions, that the judge determines will reasonably assure the appearance of the person as required and the safety of any other person and the community.

In any case that involves a minor victim, such as the present one, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community. Any order releasing such a person is required to contain, at a minimum, a condition of electronic monitoring.

The court must determine whether conditions of release can be imposed that will reasonably assure Beiermann's appearance as required, and reasonably assure the safety

2

Case 5:07-cr-04018-MWB    Document 13    Filed 03/12/07    Page 2 of 3

of any other person and the community. In considering whether conditions of release exist that will reasonably assure Beiermann's appearance and the safety of other persons and the community, the court must take into account "the available information" concerning several factors, including the nature of the offense, the circumstances surrounding the offense, the weight of evidence against the defendant, the defendant's history and personal characteristics, and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

In the present case, the court has considered these factors and finds a combination of conditions exist that will reasonably assure the appearance of Beiermann as required and the safety of other persons and the community

Therefore, the court orders Beiermann's release under the conditions of release established by the court.

**IT IS SO ORDERED.**

**DATED** this 12th day of March, 2007.

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

3